# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WILLIAM HENRY DEASE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-14-0673-F |
| LT. BARNEY, et al., | ) |
| Defendants. | ) |

## ORDER

On August 15, 2014, Magistrate Judge Suzanne Mitchell entered a Report and Recommendation (the Report), doc. no. 8, which recommended that the complaint in this civil rights action be dismissed without prejudice, due to plaintiff's failure to pay the filing fee or cure errors in his application for leave to proceed in forma pauperis. Plaintiff has objected to the Report. Doc. no. 10. Plaintiff has also filed a motion to compel. Doc. no. 9. Plaintiff proceeds pro se, and his pleadings are liberally construed. The court has reviewed all objected to matters de novo.

Plaintiff first objects to the Report by arguing that it incorrectly states the deadline which the magistrate judge gave plaintiff for responding to the magistrate judge. The deadline in question is that set by the magistrate judge for curing the errors in plaintiff's application for leave to proceed in forma pauperis. *See*, doc. no. 7, setting deadline of August 6, 2014. The Report accurately describes the deadline, and this particular objection is denied.

The rest of plaintiff's objections relate in one way or another to plaintiff's contentions that officials at the Oklahoma County Jail, where plaintiff is in custody, refuse to provide the necessary financial information to complete plaintiff's

application for leave to proceed in forma pauperis, and that they refuse to make sure the completed application is mailed to this court although plaintiff has attempted to obtain their assistance in this regard.

The magistrate judge identified the ways in which plaintiff's original application for in forma pauperis status was deficient. Doc. no. 5. As stated there, the original in forma pauperis application lacked financial information and the signature of an authorized officer of the penal institution in which plaintiff is in custody. *Id*. Also as stated there, the original application lacked a certified copy of plaintiff's institutional account statement for the required six-month period. *Id*. Plaintiff's motion to compel, doc. no. 9, which is cited as the basis of one of plaintiff's objections to the Report, contends that after the magistrate judge sent him an additional application he then took various steps to obtain the missing matters from "Inmate Trust/Prisoner Accounting" to no avail. Doc. no. 9, pp. 3-4.

The court makes no findings regarding the accuracy of plaintiff's implied assertions regarding the lack of cooperation of jail officials. What is clear, however, is that plaintiff is incarcerated at the Oklahoma County Jail; that jail officials have control over the only matters which the magistrate judge has identified as missing from plaintiff's original application for leave to proceed in forma pauperis; and that plaintiff has now asserted his inability to obtain assistance from jail officials, although he says he has repeatedly requested it, in providing the missing matters.

The clerk is **DIRECTED** to enclose the following documents to be mailed to the plaintiff: two copies of this order: two copies of the incomplete application previously submitted by the plaintiff (doc. no. 2, plaintiff's original application for leave to proceed in forma pauperis relief, which the magistrate judge ordered plaintiff to cure); and two copies of the magistrate judge's order identifying the information which was missing from plaintiff's original in forma pauperis application (doc. no. 5).

These documents are intended to facilitate plaintiff's ability, with the assistance of jail officials upon his request, to assess and provide the missing information in a revised and completed application for in forma pauperis status. The previously missing matters may be added to plaintiff's original application for in forma pauperis status, and the revised application may then be submitted by plaintiff as a new and revised application. Plaintiff is advised that he may present this order and the enclosed documents to custodial officials to facilitate submission of the completed in forma pauperis forms. The court fully expects that Oklahoma County Jail personnel will cooperate by promptly providing the necessary information. The clerk is **DIRECTED** to mail a copy of this order to Sheriff John Whetsel, with a cover letter directing his attention to this paragraph.

## Rulings

Extension. Plaintiff's time for submitting either the $400 filing fee or a completed and otherwise satisfactory application to proceed in forma pauperis is hereby **EXTENDED** to twenty-one days from the date of this order. Failure to timely comply will result in dismissal of the complaint without prejudice, as recommended in the Report.

Objections to the Report. Plaintiff's objections are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's objections to the Report are **GRANTED** but only to the limited extent that additional time has now been provided for plaintiff to pay the $400 filing fee or submit a completed application to proceed in forma pauperis. In all other respects, plaintiff's objections to the Report are **DENIED**.

The Report. The Report of the magistrate judge is adopted to the extent that it recommends dismissal of the complaint without prejudice in the event that plaintiff fails to submit a completed application for in forma pauperis status, or fails to pay the $400 filing fee. However, the court has now permitted an additional twenty-one days

for submission of the completed application or for payment of the filing fee. Accordingly, the complaint is not dismissed at this time and the Report is therefore **ADOPTED IN PART**. The court notes that when the magistrate judge issued her Report, she did not have before her, in pleading form, all of plaintiff's contentions regarding his repeated efforts to submit a completed application for in forma pauperis status.

The application for in forma pauperis status, doc. no. 2, will continue to pend. Plaintiff is advised, however, that the application is insufficient as it now stands. If a revised application with the required matters is not submitted in a timely fashion, the current application will be denied.

The Motion to Compel. Plaintiff's motion to compel, doc. no. 9, seeks an order requiring defendants to comply with the court's rules, an order requiring defendants to establish specific guidelines for processing inmates' legal matters, and asks the court to impose a fine for every day that the plaintiff requested assistance with his application for leave to proceed in forma pauperis but was allegedly deprived of such assistance. The instant order takes steps to alleviate any alleged problems with obtaining the required matters from custodial officials. Moreover, the substance of the motion to compel has been considered as part of plaintiff's objections to the Report. No additional relief is required or appropriate. The motion to compel is **DENIED**.

Dated this 9th day of September, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0673p001.wpd