# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM H. DEASE,           ) | |
|         ) | |
|         Plaintiff,     ) | |
|         ) | |
| v.              ) | Case No. CIV-14-673-F |
|         ) | |
| LT. BARNEY, Lieutenant   ) | |
| Deputy Sheriff; and S. MAY,  ) | |
| Deputy Sheriff,      ) | |
|         ) | |
|         Defendants.   ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Defendants, Oklahoma County Deputy Sheriffs, used excessive force and then denied him immediate medical treatment. Doc. 1. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). The undersigned granted Plaintiff permission to proceed with service, Doc. 22, and on October 29, 2014, the Clerk of the Court issued Plaintiff's requested summonses. Doc. 25, 26.

Now before the court are Plaintiff's two requests for court orders. Docs. 24, 28. In Plaintiff's motion entitled "Plaintiff Motion For Agents of The Defendants To Show Cause," Doc. 24, he complains that "[a]gents acting on behalf of Defendants" re-routed the funds from a recent money order "to a

cause for which it was not intended." *Id*. at 1-2. Plaintiff had intended to use the funds to pay for "communication with his spouse." *Id*. at 2. Plaintiff asks the court to order these "[a]gents" to "place the funds where my spouse intended" or to pay his $348.49 outstanding federal court fee. *Id*. at 1, 3. In the second motion, Plaintiff asks the court to order Defendants' "[a]gents" to allow him access to the law library. Doc. 28.

The undersigned liberally construes both requests as motions for preliminary injunction, and recommends that the court deny each.

## II.   Analysis.

As noted above, Plaintiff's complaint rests on allegations that Defendants used excessive force and then denied him immediate medical treatment. His motions seeking the court's interference with distribution of his jail funds and law library access are wholly unrelated to those claims. A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citation omitted). If he fails to do so, the court is powerless to enter a preliminary injunction. *See Colum v. Winchester*, No. CIV-12-561-HE, 2012 WL 3594804, at *1 (W.D. Okla. June 21, 2012) ("When the movant

seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction.") (unpublished recommendation), *adopted*, 2012 WL 3594778 (W.D. Okla. Aug. 21, 2012) (unpublished order).

Additionally, the undersigned notes that the court is empowered to "issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Plaintiff has yet to serve either Defendant, and Plaintiff has failed to describe any efforts he has made to provide notice to those individuals. Doc. 24. This omission also prevents the court's entry of a preliminary injunction.

## II.    Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that the court should deny Plaintiff's construed motions for preliminary injunction. Doc. 24, 28.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court by November 19, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 31st day of October, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE