IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM HENRY DEASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-14-673-F |
| | ) | |
| JOHN WHETSEL; LT. BARNEY; | ) | |
| S. MAY; SGT. MARLAR; | ) | |
| CORPAL [sic] ORTIZ; | ) | |
| ROVER ALVEREZ, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed an amended complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights.  Doc. 46. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  On October 21, 2015, the undersigned ordered Plaintiff to show cause why the court should not dismiss Defendants S. May and Lt. Barney for lack of service.  Doc. 63.[1]  Plaintiff has responded to the show cause order stating that he has served Defendants S. May and Lt. Barney, Doc. 65, but the undersigned disagrees.  So, the undersigned recommends that the court dismiss these individuals without prejudice.

---

[1]   On October 29, 2015, the undersigned recommended that the court grant the remaining Defendants' dispositive motion.  Doc. 66.

I.  **Plaintiff's service attempt.**

In his service papers, Plaintiff listed S. May and Lt. Barney's addresses as the Oklahoma County Jail, and on November 7, 2014, a U.S. Marshal left the service papers with an individual at that facility. Docs. 30, 31. As a result, the Clerk of the Court initially docketed that Plaintiff had executed service on S. May and Lt. Barney. *Id.* However, on December 29, 2014, the Oklahoma County Jail returned the service papers stating that S. May and Lt. Barney were not Oklahoma County Jail employees and officials there could not accept service on their behalf. *Id.*; *see also* Docket Annotation dated December 29, 2014.

Plaintiff then filed his amended complaint, Doc. 46, and the undersigned gave him another 120 days, or until June 18, 2015, in which to perfect service. Doc. 47. Again, Plaintiff listed S. May and Lt. Barney's addresses as the Oklahoma County Jail. Docs. 54, 56. On March 13, 2015, the U.S. Marshals Service indicated that it could not serve either party. *Id.*

II.  **Analysis.**

Although appearing pro se, Plaintiff is responsible for serving Defendants with a summons and a copy of the amended complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4."). Plaintiff has failed to do so. So, the undersigned must first

determine whether the record reflects "good cause" for a mandatory extension of time, and if not, whether a permissive extension of time is warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014) (delineating *Espinoza*'s required inquiries).

### A. Mandatory extension.

For a mandatory extension of time, Plaintiff must show "good cause" for his failure to perfect service. Fed. R. Civ. P. 4(m). The undersigned gave Plaintiff the opportunity to show "good cause," but instead of acknowledging that he has incorrect addresses for S. May and Lt. Barney, Plaintiff insists that the parties were served on November 7, 2014. Doc. 65. Without more, the undersigned finds Plaintiff is not entitled to a mandatory extension of time.

### B. Permissive extension.

"[W]hen a plaintiff fails to show good cause for untimely service, 'the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.'" *Murphy*, 556 F. App'x at 668-69 (quoting *Espinoza*, 52 F.3d at 841). The court considers three factors in deciding whether a permissive extension is warranted.

First, the court considers whether the statute of limitations would bar Plaintiff from refiling against Defendants. *See Espinoza*, 52 F.3d at 842. The evidence shows that S. May and Lt. Barney participated in Plaintiff's arrest on September 20, 2013, Doc. 59, Ex. 13, at 2, and he had a two-year limitations period in which to file the action. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). Plaintiff timely filed the amended complaint in February 2015, Doc. 46, so Oklahoma's savings clause would likely salvage Plaintiff's ability to refile against Defendants. That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that the original suit had been dismissed for failure to serve summons and holding that Okla. Stat. tit. 12, § 100 "allows a suit so dismissed to be refiled within one year").[2] Under these circumstances, the undersigned finds this factor weighs against an extension of time.

---

[2] "In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

4

Second, the court considers whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. Plaintiff has not named the United States or any federal employee, Doc. 46, so the undersigned finds this factor is irrelevant.

Third, "[t]he district court should also take care to protect [a] *pro se* plaintiff[] from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (citation omitted). Plaintiff is proceeding in forma pauperis, Doc. 15, but the undersigned explained to Plaintiff his responsibilities relating to service and instructed the Clerk of the Court to send Plaintiff all the necessary forms. Docs. 22, 47. The Clerk complied, sending Plaintiff both the service forms and a copy of the court's local rules. Under the circumstances, the undersigned finds this factor also weighs against granting a permissive extension of time to effect service.

**C.  Summary.**

Plaintiff filed his amended complaint in February 2015, and Plaintiff's time for service expired in June 2015. And, Plaintiff has had notice since March 2015 that S. May and Lt. Barney could not be served at the Oklahoma County Jail and he has taken no action to perfect service. So, the undersigned finds no "good cause" for either a mandatory or permissive extension of time.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the court dismiss S. May and Lt. Barney without prejudice.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by the 25th day of November, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge and the court's adoption of this report and recommendation will terminate the referral in the present case.

ENTERED this 5th day of November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE